IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| GARY JAMES THAUT,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE FERRITER, et. al.,<br><br>Defendants. | Cause No. CV 09-10-H-DWM-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Plaintiff Gary James Thaut, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges mailroom staff at the Montana State Prison unconstitutionally interfered with his mail in violation of the First Amendment to the United States Constitution and some of his personal property was stolen. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

**II. STATEMENT OF THE CASE**

   **A. Parties**

Plaintiff is a pro se prisoner incarcerated at the Montana State Prison in Deer Lodge, Montana.

The named Defendants are Mike Ferriter, Director of the Montana Department of Corrections; the State of Montana; the Department of Corrections; Montana State Prison; Mike Mahoney, Warden of Montana State Prison; Security Major Tom Woods; and Denise Deyott, Mailroom Supervisor.

B.  Allegations

On July 14, 2008, Plaintiff attempted to mail a letter to Attorney Jeffrey Renz at the University of Montana but the letter was returned unopened with a notation that it was not privileged and could not be sealed.  Plaintiff alleges inmates have been sending sealed privileged mail for years to Attorney Renz.  In a response to Plaintiff's grievance regarding this matter, Denise Deyott stated the letter should not have been returned.

Plaintiff next contends he has many problems with incoming privileged mail being sometimes opened outside of his presence.  He states the mailroom is inconsistent in the processing of incoming mail.  Many letters Plaintiff has received from attorneys comes to him to open as privileged with a do not open sticker.  But he has received three letters from attorneys which were opened by the mailroom outside of his presence.

Lastly, Plaintiff contends his personal property was stolen from his jail cell

after he was "locked up" on a disciplinary issue.

## II. PRESCREENING

### A. Standard

As Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a complaint before it is served upon the defendants if it is "frivolous" or "fails to state a claim

upon which relief may be granted." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. 544. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). The "plausibility standard" is guided by "[t]wo working principles," *Iqbal,* 129 S.Ct. at 1949. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 129 S.Ct. at 1950. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal.* 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. *Iqbal,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 129 S.Ct. at 1950.

Even after *Twombly*, "[a] document filed *pro se* is 'to be liberally

construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200; *Cf*. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**B. Analysis**

**1. Return of Sealed Envelope**

Prison inmates have a First Amendment right to send and receive mail. *Pell v. Procunier*, 417 U.S. 817, 822 (1974). The Court need not decide whether Plaintiff had a constitutional right to send a sealed envelope to Mr. Renz as

alleged in his first claim. It is obvious from the Complaint and the documents attached thereto that the prison admitted this was an inadvertent mistake and the letter should have been mailed. Plaintiff was given an envelope as a replacement for the one returned to Plaintiff. (Document 2–Voluminous Exhibits, August 17, 2008 response to grievance by Kris Studeny).

At most, this one time incident amounted to negligence which is insufficient to state a claim under 42 U.S.C. § 1983. *Stevenson v. Koskey*, 877 F.2d 1435 (9th Cir. 1989); *Daniels v. Williams*, 474 U.S. 327 (1986) (mere negligence is insufficient to invoke the protections of the Fourteenth Amendment's due process clause)(overruling *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)). *Hines v. Boothe*, 841 F.2d 623, 624 (5th Cir.1988) ( "Negligence does not state a claim under section 1983 and the facts alleged by Hines with regard to the loss of his legal mail do not constitute more than negligence."), overruled on other grounds in *Huguet v. Barnett*, 900 F.2d 838 (5th Cir.1990).

### 2. Opening of Legal Mail Outside Plaintiff's Presence

Inmates have a First Amendment right both to send and receive mail, see *Thornburgh v. Abbott*, 490 U.S. 401 (1989), but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband. *See*

*Wolf v. McDonald*, 418 U.S. 539, 576-77 (1974). Prison administrators can also impose burdens on the senders of incoming inmate mail, such as requiring them to include their full name and complete return address on the outside of all prisoner correspondence. *Morrison v. Hall*, 261 F.3d 896, 906 (9th Cir. 2001). The extent of a prisoner's rights with regard to the inspection of legal mail is not clear. *Wolff*, 418 U.S. at 577. A prison policy of opening legal mail for inspection only in the presence of the inmate meets, and may even exceed, the demands of the Constitution. *Id.*

Montana Department of Corrections policies (attached to Plaintiff's Complaint) require the envelopes of incoming privileged correspondence be clearly marked with the name and official status of the sender if the mail is to be processed as privileged correspondence. Similarly, federal prison regulations require that all legal mail may be opened unless it is clearly labeled as such and carries the return address and name of the sending attorney or court. 28 C.F.R. § 540.19 (specifying requirements). In upholding the regulations, the Fourth Circuit held they were "reasonably related to [the] legitimate penological interests" of security and administrative concerns. *U.S. v. Stotts*, 925 F.2d 83, 89 (4th Cir. 1991) (*citing Turner v. Safley*, 482 U.S. 78 (1987)). The system also functions as

a "ready screening technique" for mailroom workers, and guarantees that legal mail will be correctly recognized as such. Id.; *see also* Wolff, 418 U.S. at 576-77 (terming such requirements "entirely appropriate").

Plaintiff attached the three envelopes in question to his Complaint. The opening of those envelopes was entirely appropriate given the lack of clear labeling.[1]  Only one of the envelopes was marked legal mail and that was a handwritten notation under the return address which gave no indication the sender was an attorney.  The other two envelopes gave no indication they were legal mail.  The mailroom's actions were justified and did not violate Plaintiff's First Amendment rights.

Finally, Plaintiff has not alleged that opening these letters caused him any compensable damages, such as compromising his access to the courts or disclosing confidential information.  Plaintiff provided copies of far more correspondence from attorneys which was opened in his presence than the three isolated envelopes which were not clearly identified as legal mail.  These allegations fail to state a claim upon which relief may be granted and will be recommended for dismissal.

---

[1] The court may consider documents attached to the complaint. *Parks School of Business, Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

### 3. Stolen Property

Plaintiff alleges Defendants were negligent in the securing of his property after he was taken to "lock down" which resulted in his property being stolen. Mere negligence by a state official does not deprive an individual of liberty or property for purposes of procedural due process. *Parratt v. Taylor*, 451 U.S. 527, 535-44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). As Plaintiff has alleged nothing more than negligence regarding the theft of his property, this claim should be dismissed.

## III. CONCLUSION

### A. Leave to Amend

For the reasons set forth above, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Given the detailed facts in Plaintiff's Complaint and the consideration of the documents attached to Plaintiff's Complaint, the defects set forth above could not be cured by the allegation of other facts. As such, Plaintiff's Complaint should be dismissed.

### B. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim.  28 U.S.C. § 1915(g).  The Court should designate this case as a "strike" under this provision because Plaintiff fails to state a claim upon which relief may be granted.

### C. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith"

requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (9th Cir. 2000).

Plaintiff's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

### D. Address Changes

At all times during the pendency of these actions, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. Plaintiff's Complaint should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff failed to state a claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and

Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 5th day of November, 2009.

        /s/ Keith Strong
        Keith Strong
        United States Magistrate Judge