FILED
DEC 01 2009
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| GARY JAMES THAUT, | ) | CV 09-10-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE FERRITER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Thaut is a state prisoner proceeding pro se. He filed an action pursuant to 42 U.S.C. § 1983. United States Magistrate Judge Keith Strong entered Findings and Recommendation in this matter on November 5, 2009. Judge Strong recommended dismissing Thaut's Complaint for failure to state a claim upon which relief may be granted. Thaut timely objected on November 10, 2009. Therefore, he is entitled to <u>de novo</u> review of those portions of the Findings and Recommendation to which he objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed

-1-

for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Thaut's Complaint alleges that prison officials improperly returned sealed privileged mail he attempted to send to an attorney. Judge Strong found Thaut had not stated a claim regarding the return of his mail because the prison admitted, in response to a grievance filed by Thaut, the returned mail was a mistake. As Judge Strong correctly stated, negligence by prison officials is not sufficient to state a claim under 42 U.S.C. § 1983. Stevenson v. Koskey, 877 F.2d 1435, 1440 (9th Cir. 1989). Thaut objects to this finding, alleging that the mail was opened in retaliation against him. However, the materials submitted by Thaut show he was given a replacement envelope to correct the mistake, and there is nothing more than his conclusory statement to show that prison officials retaliated against him. Such conclusory statements are insufficient to state a claim for relief, and the claim must be dismissed. Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).

Next, Thaut claims legal mail was opened outside his presence in violation of the First Amendment. Because the mail was not clearly identified as legal mail, as required by regulations, Judge Strong found prison officials did not violate his rights by opening it. See U.S. v. Stotts, 925 F.2d 83, 89 (4th Cir. 1991) (affirming similar federal regulations for prison mail). Thaut objects to this finding,

reiterating his constitutional right to protections for privileged mail. He offers nothing to contradict Judge Strong's finding that the mail in question was not adequately marked. Because the mail did not comply with prison regulations and prison officials could not ascertain that the mail was privileged, prison officials did not violate Thaut's First Amendment rights by opening the mail.

Third, Thaut claims Defendants failed to lock his cell when he was in "lock down," and his property was stolen. Because this amounts to negligence by prison officials, Judge Strong recommended denying his claim. Stevenson, 877 F.2d at 1440. Thaut objects, contending that retaliation by prison officials caused the theft of his property. However, as Thaut himself states, his prison cell was locked a few hours after he was placed in lock down, and it was during the intervening time the property was stolen. At most, the facts set forth by Thaut confirm Judge Strong's finding that prison officials were negligent in securing his property. Thaut's conclusory statement that prison officials were retaliating against him is insufficient to support a 1983 claim. Twombly, 550 U.S. at 555.

In his objections, Thaut states that he needs to move for the assistance of counsel. Pl.'s Obj. at 1. Even if Thaut had set forth a claim for relief, there is no right to counsel for a claim brought under 42 U.S.C. § 1983. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952,

(9th Cir. 1998). His motion is denied.

I find no clear error in Judge Strong's remaining findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendations (dkt #6) are adopted in full. Thaut's Complaint (dkt #2) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Thaut's motion for counsel (dkt #7) is DENIED.

The Clerk of Court is directed to close this matter and to enter judgment pursuant to Fed. R. Civ. P. 58.

The Clerk of Court is further directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

The Clerk of Court is further directed to have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

Dated this 1st day of December, 2009.

Donald W. Molloy, District Judge
United States District Court

-4-